**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 10-00674 VAP (DTBx)                        Date:  June 29, 2010

Title:     MICHAEL MENDONCA, AN INDIVIDUAL; ALAMO RECYCLING, LLC, A CALIFORNIA LIMITED LIABILITY CORPORATION -v- COUNTY OF SAN BERNARDINO; COUNTY OF SAN BERNARDINO CODE ENFORCEMENT DEPARTMENT; COUNTY OF SAN BERNARDINO LAND USE SERVICES; IGNACIO NUNEZ, AN INDIVIDUAL; JOSIE GONZALEZ, AN INDIVIDUAL; PAUL BIANE, AN INDIVIDUAL; AND DOES 1 THROUGH 10 INCLUSIVE

===============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:      ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION  (IN CHAMBERS)

   Plaintiffs Michael Mendonca and Alamo Recycling, LLC (collectively, "Plaintiffs") filed a complaint ("Complaint") on May 5, 2010 against Defendants County of San Bernardino, County of San Bernardino Code Enforcement Department, County of San Bernardino Land Use Services, Ignacio Nunez, Josie Gonzalez, and Paul Biane (collectively, "Defendants").  Plaintiffs allege three claims in the Complaint: (1) negligence (as to Defendant Ignacio Nunez); (2) public

**EDCV 10-00674 VAP (DTBx)**
**MICHAEL MENDONCA, et al. v. County of San Bernardino, et al.**
**MINUTE ORDER of June 24, 2010**

disclosure of private facts (as to all Defendants); and (3) conspiracy (as to all Defendants). On June 22, 2010, Defendants filed a motion to dismiss complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), set for a hearing on July 26, 2010 at 2:00 p.m.

Federal courts are courts of limited jurisdiction, exercising jurisdiction over civil actions with claims "arising under the Constitution, laws, or treaties of the United States" and where there exists diversity of citizenship among the parties. See 28 U.S.C. §§ 1331, 1332. Here, Plaintiffs allege the Court has original subject matter jurisdiction over their claims and cite to 28 U.S.C. § 1331. (Compl. ¶ 3.) Plaintiffs fail to identify, however, any violation of federal law to support their assertion of federal question jurisdiction. Furthermore, Plaintiffs offer no allegations regarding diversity jurisdiction. Accordingly, the Complaint fails to state a basis for the Court's jurisdiction.

The Court, therefore, ORDERS Plaintiffs to show cause why the Complaint should not be dismissed for lack of jurisdiction. Plaintiffs shall respond in writing no later than July 9, 2010. Failure to respond shall result in dismissal of the Complaint.

**IT IS SO ORDERED.**

MINUTES FORM 11                                                Initials of Deputy Clerk __md___
CIVIL -- GEN                              Page 2

**EDCV 10-00674 VAP (DTBx)**
**MICHAEL MENDONCA, et al. v. County of San Bernardino, et al.**
**MINUTE ORDER of June 24, 2010**

disclosure of private facts (as to all Defendants); and (3) conspiracy (as to all Defendants). On June 22, 2010, Defendants filed a motion to dismiss complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), set for a hearing on July 26, 2010 at 2:00 p.m.

Federal courts are courts of limited jurisdiction, exercising jurisdiction over civil actions with claims "arising under the Constitution, laws, or treaties of the United States" and where there exists diversity of citizenship among the parties. See 28 U.S.C. §§ 1331, 1332. Here, Plaintiffs allege the Court has original subject matter jurisdiction over their claims and cite to 28 U.S.C. § 1331. (Compl. ¶ 3.) Plaintiffs fail to identify, however, any violation of federal law to support their assertion of federal question jurisdiction. Furthermore, Plaintiffs offer no allegations regarding diversity jurisdiction. Accordingly, the Complaint fails to state a basis for the Court's jurisdiction.

The Court, therefore, ORDERS Plaintiffs to show cause why the Complaint should not be dismissed for lack of jurisdiction. Plaintiffs shall respond in writing no later than July 9, 2010. Failure to respond shall result in dismissal of the Complaint.

**IT IS SO ORDERED.**